BRASSELL v. SILVA.

1. PAYMENT—PRESUMPTION—PLEADING.— Payment by presumption cannot be raised unless pleaded, except in instances indicated.
2. GUARDIAN—PARTIES—EXECUTORS AND ADMINISTRATORS.—In an action against the heirs at law of a deceased guardian for an accounting, his administrator is a necessary party.

Before TOWNSEND, J., Berkeley, October, 1896. Modified.

Action by William H. Brassell, Lawrence Brassell, R. Hamilton Locklier, and Mary J. Jarnigan against A. Gertrude Silva, James Brown, Otley Locklier, Theodore Locklier, John W. Locklier, and Hamilton Brown, for partition and accounting. From judgment of Circuit Court, decreeing that guardian account had been paid by presumption, plaintiffs appeal.

*Messrs. E. B. Hollings* and *Geo. H. Momeier,* for appellant, cite: *On first point:* Code, 94; 9 S. C., 376; 16 S. C., 378; 22 S. C., 584; 29 S. C., 254; 33 S. C., 303.

*Messrs. Jenkins & Dennis,* contra, filed no printed argument.

July 27, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. Hamilton Locklier died in 1873, intestate, seized and possessed of a tract of land in Berkeley County. This is an action to partition said land among plaintiffs and defendants as the parties in interest, and in this action plaintiffs seek to have an accounting from the estate of Hamilton Locklier on an alleged claim against him as guardian, in behalf of plaintiffs. The allegations in the complaint upon which the claim for accounting is based are as follows: "2. That at the time of his death the said Hamilton Locklier was, as guardian, indebted to his children, Mary J. Jarnigan and R. Hamilton Locklier, and to his grand-children, Sarah Brassell, John H. Brassell, and Lawrence Brassell, children of a deceased daughter, Sarah Louisa Brassell, and to her husband, William H. Brassell, in the sum of $682.10, with interest from the 23d day of January, 1868, as will more fully appear by reference to the records in the office of the judge of probate for Charleston County. 3. That Sarah Brassell died on the ___ day of July, 1871, and John H. Brassell on the ___ day of ___ 1874, intestate, unmarried and without issue, leaving their father, William H. Brassell, and their brother, Lawrence Brassell, as their only heirs at law and distributees."

The answer is not set out in the "Case," but it is stated that the defendants answered, and that the answer "did not set up the claim of the statute of limitations, or any special plea as to payment, this plea being for the first time set up in their appeal from the findings of the master."

The cause was referred to the master, who, it is stated, "made his report to the Court, in which he sustained plaintiff's claim to have an accounting from the estate of Hamilton Locklier, and recommended that the premises described in the complaint be sold, and that after paying the costs and expenses of such sale and of these proceedings, that out of the balance there be paid to the plaintiffs the sum of $682.10, with interest thereon from the 23d day of January, 1868, and that the balance, if any, be divided between the plaintiffs

and defendants according to their respective interests." Defendants appealed from the findings of the master, among others, on the following grounds: "3. That the master erred in not holding that any claims which plaintiffs might have had against Hamilton Locklier or his estate are presumed to have been paid, more than twenty years having elapsed since his death and before the commencement of this action." Judge Townsend, who heard the case, rendered a decree as follows: The third exception, in my opinion, should be sustained. By plaintiff's testimony, more than twenty years have elapsed from the filing of said account in the office of the ordinary of Charleston County to the commencement of this action. After the lapse is complete, nothing short of a promise to pay will make the obligation binding—a mere acknowledgment will not do (*Dickson* v. *Gourdin*, 26 S. C., 391), and I find no evidence of any such promise. If this is correct, the plaintiff must fail except for partition of the land. It is, therefore, ordered, adjudged, and decreed, that the complaint be dismissed as to the accounting claimed by the plaintiffs, and that the plaintiffs and defendants are entitled to a partition of said land.

The grounds of appeal allege: 1. Error in holding that the bond of the guardian was presumed to have been paid. 2. Error in allowing defendants to put in the claim of the statute of limitations after the cause had been heard and reported upon by the master. 3. Error in allowing plea of the statute of limitations on the hearing of the cause, such plea not having been made in the answer. 4. Error in dismissing so much of plaintiffs' complaint as demanded an accounting. 5. Error in allowing the plea of the presumption of payment to be interposed at the hearing of the master's report, the said plea not having theretofore been pleaded.

The exceptions relating to the statute of limitations need not be considered, as it does not appear that the Circuit Judge has made any ruling in reference thereto.

As to the exceptions relating to presumption of payment.

The rule is well settled that payment is an affirmative defense and constitutes such new matter as should be specially pleaded, and can not be given in evidence under a general denial, unless in an action wherein credits or payments are necessarily involved in the proof of plaintiff's case, or when to sustain the material allegations of his complaint, plaintiff is compelled to show non-payment as a part of his case. Bliss on Code Pl., § 357; Pom. Rem., § 691; *McElwee* v. *Hutchinson*, 10 S. C., 436. But the "Case" does not show when this action was commenced, nor whether the answer even contained a general denial, nor the testimony offered in the case. Nor does it appear that the administrator of Hamilton Locklier is a party to these proceedings, although it does appear that some one, whose name is not given, was appointed to act as such administrator on October 8th, 1892. The administrator of a guardian is a necessary party to a suit involving an account of the guardianship. For want of necessary parties for the determination of that question, it was error for the master to sustain plaintiffs' claim for an accounting, and to recommend the payment of $682.10, with interest, to plaintiffs out of the proceeds of the sale of the land of Hamilton Locklier; but, on the same ground, it was also error for the Circuit Judge to decide that such claim had been paid. Whether plaintiffs have such claim against the estate of Hamilton Locklier, and whether such claim, if any, has been paid, are questions we leave open without prejudice, to be determined when the proper parties are before the Court in this proceeding or in some other. There should be no distribution or division of the proceeds of the sale of the land sought to be partitioned until it has been ascertained, in some proper way, whether there are any outstanding debts against the estate of Hamilton Locklier, and due provision has been made for their payment, if any there be.

The judgment of the Circuit Court is reversed, in so far as it decides that the claim of plaintiffs against the estate

of Locklier has been paid, and dismisses so much of the complaint as relates to the accounting, but in other respects it is affirmed and the cause is remanded to the Circuit Court for the purpose of enabling the proper parties to be brought before the Court, in order that the questions herein left open without prejudice, may be properly passed upon, and for carrying out the views herein announced.